UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,    Criminal No. 07-396 RHK/AJB

        Plaintiff,

v.    **REPORT AND RECOMMENDATION**

REFUGIO GADEA PLIEGO,

        Defendant.

Tracy L. Perzel, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

Douglas Olson, Esq., for the defendant, Refugio Gadea Pliego.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on December 17, 2007, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. The magistrate judge issued an Order on Motions dated December 19, 2007, reserving defendant's motions to suppress search and seizure evidence and motions to dismiss for submission to the district court by Report and Recommendation.

Based upon the file and documents contained therein, along with testimony and exhibits received at hearing, and the memorandum arguments of counsel, the magistrate judge makes the following:

**Findings**

        **Consent Search.** On August 20, 2007, a cooperating defendant ("CD") provided information to Minnesota Bureau of Criminal Apprehension Special Agent Michael Kaneko such that

two particularly named individuals, Refugio and Erasmo, both of whom resided in a specifically identified two-bedroom apartment in Minneapolis, Minnesota, were in possession of child pornography at their residence. The cooperating defendant also advised the agent that one of the residents, defendant Refugio Pliego, was engaged in selling illegal drugs. That same day Special Agent Kaneko, with the assistance of four additional officers, went to the reported address with the objective of talking to the residents, i.e. "knock and talk." Kaneko stood alone at the apartment door and knocked while the other officers remained hidden from immediate view. Resident Erasmo Sanchez-Ortiz answered the knock by partially opening the door and sticking his head out. Agent Kaneko identified himself and asked if he could come into the apartment. Sanchez-Ortiz responded in English that it would be okay, and he gestured to the agent to come inside. At that time all of the officers entered the apartment and passed through a short hallway into the living room area where two guests were located. No weapons were displayed and no force was used to gain access or consent to enter. Meanwhile, BCA Special Agent Adam Castilleja, a Spanish speaking agent who was on the scene, had observed that Sanchez-Ortiz spoke in somewhat broken English and upon inquiry Sanchez-Ortiz stated that he would be more comfortable speaking Spanish. Thereafter, the officers initially conducted a general safety protective sweep of the apartment, and it was thereby determined that no weapons or additional persons were present. Sanchez-Ortiz was advised in English and Spanish that the officers were engaged in a drug investigation, to which Sanchez-Ortiz responded that there were no drugs in the apartment and officers were free to check. Sanchez-Ortiz stated that one of the two bedrooms was his, and that agents could search his bedroom, but that the other bedroom was used by defendant Refugio Pliego and Sanchez-Ortiz could not give consent to search that room. Agent Kaneko acknowledged the lack of consent to

search Pliego's bedroom and restricted the search accordingly. In Sanchez-Ortiz's bedroom agents observed a camera case and a computer. Sanchez-Ortiz was asked in Spanish if there was any child pornography on the computer and he stated "maybe." Sanchez-Ortiz was asked in English and in Spanish if he would consent to a search of the computer and he agreed to permit such a search. Agent Kaneko prepared an English written BCA Consent to Search form (Hearing Exh. No. 1) which was read to Sanchez-Ortiz in English and was also translated into Spanish by Agent Castellija. Sanchez-Ortiz was thereby advised that he had the right to refuse consent to search and that his consent could be withdrawn at any time. Access to the computer was password protected and Sanchez-Ortiz provided the password to Special Agent Begres who subsequently found a photo image of two naked boys (Hearing Exh. No. 2). Sanchez-Ortiz was asked the age of the boys in English and Spanish, and he responded in Spanish, "16 years." No threats were used to gain consent to search the computer or obtain the password. Agent Kaneko then told the other agents to immediately stop the search and to freeze the apartment pending application and receipt of a warrant authorizing an expanded search of the apartment.

**Search Warrant.** Subsequently on October 20, 2007, Hennepin County District Court Judge Steven Pihlaja issued a warrant to search the particularly described apartment in Golden Valley, Minnesota, including storage areas, and further identified in the supporting affidavit as the residence of Refugio Pliego and Erasmo Sanchez-Ortiz (Hearing Exh. No. 3). The search warrant identified the objects of the warrant as computer systems and peripheral devices; hard drive or removable media showing production or storage of child pornography; disks, tapes, and other electronic memory devices; operating system programs and manuals; password documentation;

evidence of residence and internet subscription documents; camera equipment and tapes; depictions of minors engaged in actual or simulated sex acts; depictions of nude minors; and any evidence relating to sexual exploitation of children.   The warrant was issued on the basis of probable cause contained in the Affidavit of BCA Special Agent Michael Kaneko, including information obtained from a cooperating defendant and by prior consent search at the subject location.  The warrant was executed on October 20, 2007.  Over 100 tapes were seized from the apartment and were later reviewed at another location.  The seized tapes included an 8 millimeter tape recovered from a dresser drawer in defendant Refugio Pliego's bedroom and which contained incriminating evidence.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**Conclusions**

**Consent Search.**  The warrantless search of the defendant's apartment residence on October 20, 2007, was lawfully conducted pursuant to voluntary oral consent by Erasmo Sanchez-Ortiz, a current resident having authority to consent, and the warrantless search of a computer was lawfully conducted pursuant to voluntary written consent of Mr. Sanchez-Ortiz.  (Hearing Exh. No. 1).  Furthermore, the searches did not exceed the scope of the respective consents.  Considering the totality of the circumstances, the consents were voluntary and were not a product of duress or coercion, express or implied.  U.S. v. Hathcock, 103 F.3d 715, 719 (8th Cir 1997) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 227, 93 S.Ct. 2041, 2048 (1973)).  The resident's rights with respect to a consent search were properly presented to Mr. Sanchez-Ortiz in English and Spanish, and he was fully able to understand the written consent form and his right to withhold consent with regard to the computer search.  He was not subjected to threats, coercion, promises or misrepresentations.  Also,

defendant makes no assertion that Sanchez-Ortiz's age, education, experience, or other circumstances weighed against his ability to give valid consent.  See   United States v. Carrate, 122 F.3d. 666, 669-70 (8th Cir. 1997).  Under these conditions the consents were voluntarily given by Sanchez-Ortiz and were not obtained in violation of either Mr. Sanchez-Ortiz's or defendant Refugio Pliego's constitutional rights.  The consent searches of the apartment residence and computer were not unlawful and evidence obtained as a result of such searches should not be suppressed.

**Search Warrant.**  Evidence seized pursuant to a warrant to search the particularly described apartment in Golden Valley, Minnesota, including storage areas (Hearing Exh. No. 3), further identified in the supporting affidavit as the residence of Refugio Pliego and Erasmo Sanchez-Ortiz, was not unlawfully obtained in violation of the constitutional rights of defendant Refugio Pliego.  The residence search warrant was issued on October 20, 2007, and was based upon sufficient probable cause as stated in the Affidavit of BCA Special Agent Michael Kaneko and as determined by Hennepin County District Court Judge Steven Pihlaja.  In particular, the warrant application established probable cause to search defendant's bedroom as a result of cooperating defendant information which was fully consistent with and corroborated by information obtained in the immediately prior consent search.  The warrant properly and sufficiently identified the location of the search and the items to be seized, and the scope of execution and seizures did not exceed that which was authorized by the warrant.

Defendant Pliego argues that evidence obtained from a cooperating defendant that was contained in the warrant application to establish probable cause was not reliable and was stale.  These contentions are unavailing under the circumstances in this case.  Information provided by the CD prompted the affiant, BCA Special Agent Kaneko, to open an investigation and seek additional

evidence by way of a "knock and talk" meeting, which further led to a lawful consent search. The consent search, along with statements provided by defendant's roommate, Erasmo Sanchez-Ortiz, corroborated the particulars regarding living arrangements and other information provided by the CD, and more importantly, the observation of a camcorder and a pornographic computer image of a minor was sufficient to corroborate and reinforce the cooperating defendant information as to probable cause to believe that evidence of criminal activity would be found at the location. Indeed, the discovery of the image of an apparently underaged unclothed male, along with the roommate's assertion that the person was 16 years old, was sufficient to establish probable cause without express reference to CD information. In any event, the CD's reliability with respect to information regarding unlawful drug and sex-related activity involving defendant Pliego, as well as the credibility of the CD's report that he had observed a video tape recording of Pliego and a minor male engaged in a sex act, were significantly enhanced by corroborating evidence that was directly observed and obtained by law enforcement agents immediately prior to obtaining the search warrant. Evidence to establish probable cause for issuance of the search warrant was not stale, and the warrant affidavit further established the existence of a sufficient nexus between criminal activity and the defendant's bedroom to justify issuance of a warrant to search the entire apartment in which the defendant resided, including his bedroom.

    Defendant also asserts that the search warrant in this matter did not authorize the viewing of video material seizures pursuant to the warrant, suggesting that a separate warrant should have been obtained to permit such viewing of the numerous tapes and DVDs that were seized. This position is without merit. The seizure of media for later viewing is analogous to the seizure of file documents for subsequent examination. The materials were not improperly seized and on-site

6

examination of the evidence was neither technically practical nor protective of defendant's privacy. See United States v. Summage, 481 F.3d1075, 1079 (8th Cir. 2007). The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

Finally, the court concludes that defendant has provided no concrete and credible evidence to show that the search warrant in this matter was obtained upon submission of false information or unlawfully obtained evidence contained in the warrant affidavit, and he has therefore failed to make the necessary preliminary showing to obtain hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). See United States v. Schmitz, 181 F.3d 981, 985-86 (8th Cir. 1999).

**Dismissal**

**Federal Jurisdiction.** Dismissal of indictment charges of producing child pornography against defendant Refugio Gadea Pliego on jurisdictional grounds is not required. Defendant argues that the court should determine that the production of child pornography through use of a video cassette tape that had been mailed and transported in interstate commerce is not an act having sufficient connection to interstate commerce to warrant the exercise of federal jurisdiction. The defendant's argument utterly ignores recent and controlling case law that is wholly contrary to his position in this instance. In United States v. Fadl, 498 F.3d 862 (8th Cir. 2007), the court expressly held that essentially the same jurisdictional argument was unavailing, therein stating that "[o]ur court has on a number of occasions held that the use of a camera that has moved in interstate commerce provides a sufficient jurisdictional nexus to punish the production of child pornography under the Commerce Clause." Id. at 866 (citing United States v. Mugan, 441 F.3d 622 (8th Cir. 2006). In Mugan the court

7

had rejected the same jurisdictional attack, holding that the production of child pornography using materials transported in interstate commerce, specifically a digital memory card, is sufficient to establish the requisite tie to interstate commerce. Id. at 628. With respect to the interstate commerce and federal jurisdiction issue, neither Fadl nor Mugan are distinguishable from the present matter in any meaningful sense. Defendant's motion to dismiss for lack of federal jurisdiction should be denied.

**Sufficiency of the Indictment.** Dismissal of the indictment on grounds that it fails to allege an essential element of the offense, i.e. the victim's minor status, is not required. The indictment specifically identifies the victim by the initials V.A., but it does not expressly state that V.A. is a minor. Whether construed as a technical challenge to the indictment or as a challenge to the sufficiency of the probable cause evidence to support the indictment, the motion to dismiss fails in this instance. Consistent with the requirement of Fed. R. Crim. P. 7(c)(1), the indictment in this matter is a plain, concise and definite written statement of the essential facts constituting the offenses charged, and the indictment sufficiently recites the elements of the offense. In particular, the indictment established the victim's minor status by reference to specific identity, albeit in a manner that maintains victim confidentiality. With respect to the sufficiency of evidence and the existence of probable cause to charge the defendant with production of child pornography, the determination was made by the grand jury and defendant offers no evidence whatsoever on which to base a claim that the grand jury decision was the result of false or misleading information being presented to the grand jury. While Fed. R. Crim. P. 12(b) arguably permits a pretrial motion to dismiss an indictment based upon failure to charge an offense, the rule does not authorize a pretrial motion for dismissal based upon lack of probable cause. There is no fatal technical defect in the indictment and no justification for dismissal on pretrial motion

based upon lack of probable cause.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Refugio Gadea Pliego's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 23];

2. Defendant Refugio Gadea Pliego's Motion to Dismiss for Lack of Jurisdiction be **denied** [Docket No. 25];

3. Defendant Refugio Gadea Pliego's Motion to Dismiss Indictment for Insufficiency be **denied** [Docket No. 26]; and

4. Defendant Refugio Gadea Pliego's Supplemental Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 33].


Dated:     January 7, 2008

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before January 22, 2008.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.